IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK HAYES,<br>    Plaintiff-Counterdefendant<br><br>v.<br><br>AGILYSYS, INC. AND AGILYSYS NJ, INC.,<br><br>    Defendants-Counterplaintiffs<br><br>v.<br><br>AUGMENTITY SYSTEMS, INC.,<br><br>    Counterdefendant. | No. 09 C 727<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

This dispute involves a former employee, his ex-employer, and now his new employer. Patrick Hayes sued Agilysys, Inc. and Agilysys NJ, Inc. (Defendants) in the Circuit Court of Cook County seeking a declaratory judgment that the covenants in his employment agreement with Defendants are overbroad and unnecessary to protect the Defendants' interests. The Defendants removed the case to this Court and filed an answer and a counterclaim, against Hayes and his new employer Augmentity Systems. Defendants raise several affirmative defenses in their Answer, and Hayes and Augmentity move to strike the affirmative defenses and portions of Defendants' Counterclaim.

Defendants raise seven affirmative defenses in their Answer to Hayes's Complaint. Defendant explicates each of the seven affirmative defenses with a single sentence conveying no information other than the name of the defense. Courts in this circuit generally disfavor motions to strike affirmative defenses because motions to strike often accomplish little other than delay. *Heller Fin., Inc. v.*

1

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A defendant, however, must nonetheless comply with Rules 8 and 9 when pleading affirmative defenses. *Id.* Bare bones, conclusory allegations are not sufficient to state an affirmative defense. *Id.* at 1295. Courts strike defenses that are inadequately pleaded without prejudice so that defendants can fix any shortcomings of inadequately pleaded defenses. *See Davis v. Elite Mortgage Serv., Inc.*, 592 F. Supp.2d 1052, 1058 (N.D. Ill. 2009); *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 702 (N.D. Ill. 2000); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). On the other hand, Courts strike with prejudice defenses that are not appropriately pleaded as affirmative defenses or for which it is impossible for the defendant to prove a set of facts in support. *Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at * 1 (N.D. Ill. Feb. 11, 2009) (collecting cases).

Several of Defendants' proposed affirmative defenses are not affirmative defenses at all, but instead nothing more than unnecessary clutter. Defendants' first proposed affirmative defense states that they "deny each and every allegation contained in the Complaint that has not been expressly admitted." It is not proper to assert an affirmative defense that does nothing other than deny the allegations of the complaint. *Holzer v. Prudential Equity Group, L.L.C.*, 520 F. Supp. 2d 922, 929 (N.D. Ill. 2007). Defendants' first affirmative defense is nothing more than a reiteration of the denials they made in the bulk of their answer. The Court strikes Defendants' first affirmative defense with prejudice.

Defendants' second proposed affirmative defense is that "[p]laintiff fails to state a claim upon which relief can be granted." An affirmative defense must do something more than enunciate the standard for dismissal under Rule 12(b)(6). *See Thomas*, 2009 WL 377344, at *2. The Court strikes Defendants' second affirmative defense with prejudice.

2

In Defendants' seventh proposed affirmative defense, they purport to "reserve the right to assert additional defenses as they become known." The Rules of Federal Procedure contain a provision under which parties may amend their pleadings, Rule 15, which covers amendments before and after trial. *See* Fed. R. Civ. P. 15. The Defendants cannot simply abrogate the Rules of Federal Procedure and hold the Court hostage to their inclination to later amend their pleading. If the Defendants desire to add another affirmative defense, they may seek leave from the Court to do so, but the Court will strike Defendants' seventh affirmative defense with prejudice. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006).

Bare bones is too thick a description for Defendants' remaining affirmative defenses. The Defendants' pleading is so insubstantial that there are no bones, for Defendants sketch out absolutely no detail to support their defenses and instead merely plaster the names of various affirmative defenses to the end of their Answer. This will not do, for neither the Court nor Hayes can divine the slimmest of factual bases on which any of these defenses rest. *See, e.g., Davis*, 592 F. Supp.2d at 1058-59 (striking inadequately pleaded defenses of waiver and estoppel because court left to speculate as to which aspects of plaintiff's behavior formed basis of defense); *Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-C-335-jps, 2008 WL 4443805, at *2 (W.D. Wis. Sep. 25, 2008) (striking inadequately pleaded defenses of laches and estoppel because defendant pleaded only bare legal theories); *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907 (striking inadequately pleaded defenses, including breach of contract, laches, waiver, estoppel, unclean hands).

Defendants have failed to comply with Rule 8. They have only named the defense they intend to pursue. *Bell Atlantic Corp. v. Twombly* requires that they provide more than labels and conclusions. They must plead sufficient information to raise their right to relief above a speculative level. 127 S.Ct.

3

1955, 1964-65 (2007). Defendants have two weeks from the date of this order to amend their Answer consistent with this opinion.

Next Hayes and Augmentity ask the Court to strike the first paragraph of Defendants' Counterclaim. In that Paragraph, Defendants incorporate their Answer to Paragraphs 1 through 27 of Hayes's Complaint. Hayes and Augmentity point out that Paragraph contains material to which response is useless, noting that it is not useful for them to admit or deny that Defendants admitted or denied statements in Hayes's Complaint. Defendants point out that they attempted to save space and reduce clutter by incorporating the citizenship of the parties and the nature of Hayes's work for the Defendants. Defendants' rational is flimsy. Only the first five paragraphs of Hayes's Complaint deal with the citizenship of the parties and the Court's jurisdiction. Defendants do admit some of the factual allegations of the next few paragraphs, but wholly deny the allegations of Paragraphs 16, 17, 22, and 23. It is not clear to the Court precisely what, if anything, Defendants are pleading. The Court strikes Paragraph 1 of Defendants' Counterclaim but provides them two weeks from the date of this order to file an amended counterclaim consistent with this opinion.

Hayes and Augmentity next argue that the Defendants conflate two distinct legal entities, Agilysys and Agilysys NJ. Hayes and Augmentity argue that Defendants' counterclaims can belong to only one of them. Defendants respond that Agilysys NJ is a wholly-owned subsidiary of Agilysys and that the agreement between Hayes and Agilysys NJ benefits the parent as well. Hayes and Augmentity ignore this response and continue to press their argument that only one of the Defendants can pursue a counterclaim. The Court disagrees, though directs the Defendants to make clear the relationship of the parties when it files the amended counterclaim.

Finally, Hayes and Augmentity suggest that Defendants have not pleaded their Counterclaim for fraud with sufficient particularity. Defendants admit that their pleading falls short of Rule 9(b)'s requirements and propose to amend the claim. Hayes and Augmentity nonetheless persist in arguing that the claim should be dismissed with prejudice. Hayes and Augmentity seem to suggest that because Defendants did not make the required allegations in the original counterclaim, they could not possibly plead them and dismissal under Fed. R. Civ P. 12(b)(6) is appropriate. The Court rejects Hayes's and Augmentity's invitation to speculate about what Defendants could or could not plead. Indeed, were the Court to adopt Hayes's and Augmentity's approach, it would produce an absurd result: every failure to meet the notice pleading requirements would require a dismissal with prejudice. The Court denies the motion to dismiss Count IX of the Defendants' Counterclaim.

The Court strikes, with prejudice Defendants' First, Second, and Seventh Affirmative Defenses. The Court grants Defendants two weeks from the date of this order to file an Amended Answer and Amended Counterclaim consistent with this order.

IT IS SO ORDERED.

3/30/09
Dated

Hon. William J. Hibbler
United States District Court